WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Owen Allison,<br><br>            Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>           Respondents. | No. CV-21-00647-PHX-JAT<br><br>**ORDER** |

Pending before this Court is Petitioner's Petition for Writ of Habeas Corpus ("Petition"). The Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the Petition be denied and dismissed because it is barred by the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") statute of limitations. (Doc. 13 at 8). The R&R further recommended that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be denied. *Id.*

**I.     Review of an R&R**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'");

*Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [Magistrate Judge's] recommendations to which the parties object."). District courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made"). In this case, Petitioner filed objections to the R&R, and the Court will review those objections de novo.

## II.     Factual and Procedural Background

The R&R summarized the factual and procedural history and neither party objected to this history. (Doc. 13 at 1–2; Doc. 16; Doc. 17). Therefore, the Court adopts that portion of the R&R in this case. The history is as follows:

> On July 20, 2015, Petitioner pled guilty in the Superior Court of Arizona to (i) three counts of sexual assault, a class 3 felony; (ii) three counts of sexual exploitation of a minor, a class 2 felony; and (iii) one count of voyeurism, a class 5 felony. (Doc. 9-1 at 40–44). The trial court accepted Petitioner's guilty pleas. (*Id.* at 46–48). On August 21, 2015, the trial court sentenced Petitioner to a total of 27.5 years in prison, followed by lifetime probation. (*Id.* at 50-58).
>
> On November 16, 2015, Petitioner filed an of-right Notice of Post-Conviction Relief ("PCR"). (Doc. 9–1 at 60–62). The trial court appointed counsel, who could not find a colorable claim to raise. (*Id.* at 64–69). Petitioner filed a pro se PCR Petition. (*Id.* at 73–92). Following briefing, the trial court summarily denied relief. (*Id.* at 119–21). Petitioner moved for reconsideration, which was denied. (*Id.* at 123–28). Petitioner then filed a Petition for Review in the Arizona Court of Appeals. (*Id.* at 130–71). On January 4, 2018, the Arizona Court of Appeals granted review, but denied relief. (Doc. 9-2 at 39–41). The Arizona Court of Appeals denied Petitioner's request for reconsideration on January 30, 2018. (*Id.* at 49). Petitioner did not seek further review by the Arizona Supreme Court. (*Id.* at 51–53).
>
> On June 14, 2019, Petitioner filed a Petition for Writ of Habeas Corpus in the Arizona Supreme Court. (*Id.* at 55–73). On December 6, 2019, the Arizona Supreme Court denied the

>> Petition. (*Id.* at 75).
>> On April 14, 2021, Petitioner filed the Petition (Doc. 1) seeking federal habeas relief.[1] The Court directed the Clerk of Court to serve the Petition on Respondents. (Doc. 6). Respondents filed their Limited Answer on July 13, 2021. (Doc. 9). Petitioner filed a Reply (Doc. 12) on September 27, 2021.

(Doc. 13 at 1–2).

### III.   R&R

As indicated above, on October 14, 2021, the Magistrate Judge issued an R&R recommending that the Petition be denied as barred by the AEDPA's statute of limitations. (*Id.* at 1–8). As explained by the Magistrate Judge, the AEDPA provides a one-year statute of limitations for state prisoners to file a petition for writ of habeas corpus in federal court. (*Id.* at 2–3 (citing 28 U.S.C. § 2244(d)(1))). As relevant to this case, that period commences on "[t]he date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." (*Id.* at 2 (citing 28 U.S.C. § 2244(d)(1)(A))). Examining Petitioner's procedural history in state court, the Magistrate Judge concluded that Petitioner's conviction became final on February 14, 2018, fifteen days after the Arizona Court of Appeals denied Petitioner's request for reconsideration of its decision affirming the trial court's denial of Petitioner's PCR Petition. (*Id.* at 4–5). Thus, Petitioner's deadline to file his Petition in federal court expired on February 14, 2019, absent statutory or equitable tolling. (*Id.* at 5).

Starting with statutory tolling, the Magistrate Judge explained that collateral review petitions filed after the one-year limitations period has run do not "restart" the clock. (*Id.* at 5 (citing *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003)). Therefore, the Magistrate Judge found that Petitioner's Petition for Writ of Habeas Corpus in the Arizona Supreme Court, filed after the federal

---

[1] The Petition (Doc. 1) was docketed by the Clerk of Court on April 15, 2021. The Petition contains a certificate of service indicating that Petitioner placed the Petition in the prison mailing system on April 14, 2021. (*Id.* at 15). Pursuant to the prison mailbox rule, the undersigned has used April 14, 2021 as the Petition's filing date. *See Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010) ("A petition is considered to be filed on the date a prisoner hands the petition to prison officials for mailing.").

limitations period expired on February 14, 2019, had no statutory tolling effect. (*Id.*).

Turning to equitable tolling, the Magistrate Judge explained that a Petitioner is entitled to equitable tolling if he shows that extraordinary circumstances beyond Petitioner's control made it impossible for him to file a timely federal habeas petition. (*Id.* (citing *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006); *Gibbs v. Legrand*, 767 F.3d 879, 888 n.8 (9th Cir. 2014))). The Magistrate Judge determined that Petitioner failed to show the existence of "extraordinary circumstances" that were the proximate cause of the untimely filing of his federal habeas proceeding. (*Id.* at 6 (citing *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003)). Accordingly, because neither statutory nor equitable tolling applied, the Magistrate Judge determined that the Petition filed on April 14, 2021—a full 790 days beyond the one-year limitation period—was untimely. (*Id.*).

Finally, the Magistrate Judge turned to Petitioner's claim that he is innocent. (*Id.*). The Magistrate Judge noted that a credible showing of actual innocence excuses the statute of limitations period established by the AEDPA. (*Id.*). However, to pass through the gateway, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." (*Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995) (citing *Lee v. Lampert*, 653 F.3d 929, 945 (9th Cir. 2011); *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1927 (2013) (explaining the significance of an "[u]nexplained delay in presenting new evidence"))))). A petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." (*Id.* at 7 (quoting *McQuiggin*, 133 S.Ct. at 1935 (quoting *Schlup*, 513 U.S. at 327))). The Magistrate Judge determined that Petitioner did not present any new reliable evidence of his actual innocence that would allow Petitioner to pass through the *Schlup* gateway to excuse the untimeliness of his federal habeas proceeding.[2] (*Id.*).

---

[2] The Magistrate Judge also correctly noted that it is unclear "whether the *Schlup* actual innocence gateway always applies to petitioners who plead guilty." (Doc. 13 at 7 n.3) (quoting *Smith v. Baldwin*, 510 F.3d 1127, 1140 n. 9 (9th Cir. 2007) ("We are aware of a potential incongruity between the purpose of the actual innocence gateway announced in *Schlup* and its application to cases involving guilty (or no contest) pleas. . . . For purposes of our analysis, however, we assume without deciding that the actual innocence gateway

### IV. Petitioner's Objections

Petitioner objects to the R&R on multiple grounds. First, Petitioner objects to the R&R by arguing that his Petition was timely because the AEDPA's statute of limitations period did not commence until Petitioner was notified that the Arizona Supreme Court denied review of his Petition for Writ of Habeas Corpus. (Doc. 16 at 2). Second, Petitioner objects to the R&R by arguing that, based on equitable tolling, the AEDPA's statute of limitations does not apply to his case, because: (1) his substantial claim of due process violations meets the *Schlup* gateway requirements; and (2) even if his claim is procedurally defaulted, this Court can consider the merits pursuant to *Martinez v. Ryan*, 566 U.S. 1 (2012). (*Id.* at 3–4).

#### A. The AEDPA's Statute of Limitations

Petitioner claims that because his Petition for Writ of Habeas Corpus in the Arizona Supreme Court sought "collateral review" that was not statutorily bound by the fifteen day time limit, the AEDPA's statute of limitations should not have commenced until Petitioner was notified by the Arizona Supreme Court that his timely state habeas petition was denied. (*Id.* at 2).

Petitioner's argument fails to recognize the distinction between his federal and state Habeas Corpus proceedings. While Petitioner is correct that his filing of a Writ of Habeas Corpus in the Arizona Supreme Court did not seek "direct review" governed by Arizona Rule of Criminal Procedure 31.21's fifteen-day petition period, this state timeline is wholly separate from his time to file a Writ of Habeas Corpus in federal court. The AEDPA's statute of limitations commenced when Petitioner's conviction became "final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). As Petitioner contends, his filing in the Arizona Supreme Court sought "collateral review" of his conviction. (Doc. 16 at 2). Thus, as stated by the Magistrate Judge, the final "direct review" sought by Petitioner was to the Arizona Court

---

is available to [the plea-convicted habeas petitioner].")); *see Hartawan v. Gordon*, 265 F. App'x 666, 1 n.1 (9th Cir. 2008); *Corzine v. Baker*, 646 F. App'x 520, 520 n.2 (9th Cir. 2016) (noting that "a guilty plea does not foreclose the possibility of accessing the *Schlup* gateway").

of Appeals in moving for reconsideration of its decision. (Doc. 13 at 4).

Because Petitioner did not seek further direct review in the Arizona Supreme Court, Petitioner's judgment of conviction became final fifteen days after the Arizona Court of Appeals denied his motion, and the AEDPA limitations period commenced the following day, February 15, 2018. This one-year limitations period terminated on February 14, 2019. Accordingly, Petitioner's April 14, 2021, Petition seeking federal habeas relief was untimely.

### B. Actual Innocence Gateway Articulated in *Schlup*

Petitioner argues that the demands of the *Schlup* gateway are met because he has "made a substantial colorable claim that an abuse of discretion in the suppression of evidence hearing . . . allowed evidence to be used against him illegally." (Doc. 16 at 3).

As noted by the Magistrate Judge, a petitioner seeking federal habeas review under the *Schlup* gateway must establish his or her factual innocence of the crime and not mere legal insufficiency. (Doc. 13 at 6) (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Jaramillo v. Stewart*, 340 F.3d 877, 882–83 (9th Cir. 2003)). The petitioner must "support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial." *Lee*, 653 F.3d at 939 (quoting *Schlup*, 513 U.S. at 324). The Court must then determine whether "it is more likely than not that that no reasonable juror would have convicted him in the light of the new evidence." *McQuiggin*, 133 S.Ct. at 1935 (quoting *Schlup*, 513 U.S. at 327).

In this case, Petitioner does not present any new facts or law in order to pass through the actual innocence gateway. Instead, Petitioner argues that "the sole evidence against him came from a reckless disregard for due process of law." (Doc. 12 at 5). This is a claim of legal error and does not constitute "new reliable evidence . . . that was not presented at trial." *Lee*, 653 F.3d at 939 (quoting *Schlup*, 513 U.S. at 324). Therefore, Petitioner has not presented new evidence establishing that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *McQuiggin*, 133 S.Ct. at 1935 (quoting Schlup, 513 U.S. at 327). Accordingly, Petitioner does not qualify for *Schlup*'s

equitable exception to AEDPA's statute of limitations, and his Petition is untimely.

### C. Petitioner's Reliance on *Martinez*

Petitioner further argues that he is permitted equitable tolling because *Martinez* "allows for an ineffective assistance of counsel claim to be brought at any time." (Doc. 16 at 1, 3–4).

*Martinez* held "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." 566 U.S. at 9–14.  However, *Martinez* has no application to the AEDPA's statute of limitations which governs Petitioner's filing in federal court. *See Tucker v. Ryan*, No. CV-13-00577-PHX-JAT, 2014 WL 1329293, at *5 (D. Ariz. Apr. 1, 2014); *Moreno v. Ryan*, No. CV-12-01555-PHX-PGR, 2014 WL 24151, at *1 (D. Ariz. Jan. 2, 2014) ("*Martinez* has no applicability to this action as it does not concern the timeliness of a habeas petition."). Accordingly, *Martinez* does not present a basis for the tolling of the limitations period.

### V. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that the Report & Recommendation (Doc. 13) is accepted and adopted; the objections (Doc. 16) are overruled. The Petition in this case is denied with prejudice, and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that a certificate of appealability is denied. Dismissal of this Petition is based on a plain procedural bar, and jurists of reason would not find this Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 24th day of March, 2022.

James A. Teilborg
Senior United States District Judge